IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DAVID C. SMITH,**

    **Plaintiff**

v.          **CIVIL NO. 3:12cv005**

**EXPERIAN INFORMATION
SOLUTIONS, INC., et al**

    **Defendants.**

## PLAINTIFF'S F.R.C.P. 26(a)(1) DISCLOSURES

COMES NOW the Plaintiff, DAVID C. SMITH, by counsel, and makes the following disclosures:

**I. Individuals likely to have discoverable information**

Plaintiff, DAVID C. SMITH.

*All facts.*

Plaintiff's wife, LUANA SMITH,

*All facts.*

Employees of Experian Information Solutions, Inc.

*All facts regarding the subject matter of the Complaint.*

Employees of Trans Union, LLC.

*All facts regarding the subject matter of the Complaint.*

Employees of Bank of America, N.A.

*All facts regarding the subject matter of the Complaint.*

Employees of BAC Home Loan Servicing, L.P.

*All facts regarding the subject matter of the Complaint.*

Employees of Brock & Scott, PLLC.

*All facts regarding the attempted foreclosure and/or lawsuit filed against Plaintiff with regards to Plaintiff's mortgage account with Bank of America, secured by property located in South Carolina.*

Russell Greer, Chapter 13 Trustee for the Eastern District of California, P. O. Box 3051, Modesto, CA 95353-3051.

*All facts regarding the bankruptcy of a debtor with the same name of Plaintiff, "David C. Smith" that was filed in Sacramento, California, Case Number 11-34529.*

Employees of the United States Bankruptcy Court, 501 I Street, Suite 3-200, Sacramento, California 95814.

*All facts regarding the filing of the bankruptcy of a debtor with the same name of Plaintiff, "David C. Smith", Case Number 11-34529.*

Employees of Law Office of Richard M. Lovelace, Jr., 1310 Second Avenue, Conway, S.C. 29526.

*All facts regarding the purchase and closing of that certain timeshare unit located at Sand Dunes Oceanfront Tower, South Carolina.*

Employees of Service Credit Union, P. O. Box 1653, Portsmouth, NJ 03802.

*All facts regarding the Plaintiff's checking account with Service Credit Union and any auto-debit transactions requested by Plaintiff to be paid to Bank of America.*

Unknown persons as may be revealed in discovery.

All witnesses identified by the Defendants.

**II. Description of documents in possession of the Plaintiff.**

Other than those documents obtained from any Defendant in discovery, the Plaintiff has the following documents in his possession and control:

Plaintiff's Bate Stamp Nos. 000001 – 000346

### III. Computation of Damages

**Itemization Of Damages**

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

**Categories and types of Actual Damages**

i. Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.
ii. Plaintiff has suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit.
iii. Plaintiff has suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment as a result of the publication of the false information.
iv. Plaintiff has suffered general economic damages in the form of lost credit capacity and decreased credit scores.
v. Plaintiff has suffered general damages in the form of damage to reputation.
vi. Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.
vii. Plaintiff has suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and derogatory information contained in their credit reports.
viii. The damage to Plaintiff's credit score may also have impacted the interest rates he has on current loans, credit he has requested during this ordeal, if applicable or caused decreased credit limits on existing accounts.
ix. Plaintiff's economic damage also includes the considerable time, effort and expense he has been forced to expend attempting to force Defendants to comply with it's statutory obligations including telephone calls, writing letters, sending faxes.
x. Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture his good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.
xi. Plaintiff has also suffered embarrassment from having to explain

3

himself to potential creditors as well. Plaintiff suffers anxiety when considering seeking additional credit because they believe, justifiably, that he will be forced to once again subject himself to the humiliation of having to explain the false and defamatory information previously that has been and continues to be circulated about them.

**Case Law Supporting Actual Damages**

Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

*Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002)($225,000 actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio)($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

4

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Johnson v. MBNA*, (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

5

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

*Adams v. Phillips,* 2002 WL 31886737 (E.D. La. Dec. 19, 2002)($200,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

    c.    **Specific examples of credit denials/ adverse actions**

The Plaintiff has experienced specific and known damage to his credit that has been manifested in the Plaintiff's credit reports including decreased credit scores as a result of the inaccurate information contained in his credit files.

It is the Plaintiff's understanding, as summarized through his counsel, that each of the credit reports utilized contained the inaccurate derogatory accounts and inaccurate information at issue in this case.

    d.    **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony, that of his expert witness and through the testimony of the employees of the Defendant against who such damages are sought.

e. **<u>Case Law Supporting Punitive Damages.</u>**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

*Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

*Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);

*Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A*. 3d Judicial District of Florida (Lake County1999) (Jury award $300,000 punitive damages for false credit reports)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc.*, 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

*Williams v. Equifax Information Solutions, LLC*: Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

Plaintiff reserves the right to further supplement these disclosures.

        DAVID C. SMITH,

        _____/s/_____
        Leonard A. Bennett, Esq.
        VSB #37523
        Attorney for Plaintiff
        CONSUMER LITIGATION
        ASSOCIATES, P.C.
        763 J. Clyde Morris Boulevard, Suite 1-A
        Newport News, VA 23601
        (757) 930-3660 - Telephone
        (757) 930-3662 – Facsimile
        lenbennett@cox.net

## ***CERTIFICATE OF SERVICE***

I hereby certify that on this 23rd day of February, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Anthony, Esq.
Troutman Sanders, LLP.
Troutman Sanders Bldg.
1001 Haxall Point
P. O. Box 1122
Richmond, VA 23219
(804) 697-5410
david.anthony@troutmansanders.com

Michael Robert Ward, Esq.
Morris & Morris, P.C.
11 South 12th Street, 5th Floor
P. O. Box 30
Richmond, VA 23218
(804) 344-8359
mward@morrismorris.com

Catherine Paige Bobick, Esq.
McGuire Woods, LLP.
310 4th St., N.E. Suite 300
P. O. Box 1288
Charlottesville, VA 22902
(434) 980-2222
pbobick@mcguirewoods.com

Paul D. Jenkins, Esq.
McGuire Woods, LLP.
310 4th St. NE
P. O. Box 1288
Charlottesville, VA 22902-1288
(434) 977-2500
pjenkins@mcguirewoods.com

William Delaney Bayliss, Esq.
Williams Mullen
200 South 10th Street, 16th Floor
Richmond, VA 23219
(804) 420-6459
bbayliss@williamsmullen.com

        Allison Liebman Cannizaro, Esq.
        Sessions Fishman Nathan & Israel, LLC.
        3850 N. Causeway Blvd.
        Lakeway Two, Suite 200
        Metairie, LA 70002
        (504) 846-7926
        acannizaro@sessions-law.biz


                                            /s/
                              Leonard A. Bennett, Esq.
                              VSB #37523
                              Attorney for Plaintiff
                              CONSUMER LITIGATION
                              ASSOCIATES, P.C.
                              12515 Warwick Boulevard, Suite 100
                              Newport News, Virginia 23606
                              (757) 930-3660 - Telephone
                              (757) 930-3662 – Facsimile
                              lenbennett@cox.net