**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| DAVID C. SMITH, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL NO.: 3:12-cv-00005-HEH |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., TRANS UNION, | ) |
| LLC., BANK OF AMERICA, N.A.,  ) | |
| BAC LOAN SERVICING, L.P., | ) |
| and BROCK & SCOTT, PLLC, | ) |
| | ) |
| DEFENDANTS. | ) |

_____

**DEFENDANT BROCK & SCOTT, PLLC.'S ANSWER TO
COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Brock & Scott, PLLC, (hereinafter, "B&S"), which by and through undersigned counsel, responds to plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

1.      B&S admits that plaintiff brings this action for damages pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* and the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but denies any violations, liability or wrongdoing to the extent alleged in ¶ 1.  Except as specifically admitted, B&S denies the allegations in ¶ 1.

2.      B&S denies the allegations in ¶ 2 for lack of sufficient information to justify a reasonable belief therein.

3.      B&S denies the allegations in ¶ 3.

## JURISDICTION

2 [sic]  B&S admits the allegations in the second numbered ¶ 2 for jurisdictional purposes only.

## PARTIES

3 [sic] B&S denies the allegations in the second numbered ¶ 3 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

4.      B&S denies the allegations in ¶ 4 for lack of sufficient information to justify a reasonable belief therein.

5.      B&S denies the allegations in ¶ 5 for lack of sufficient information to justify a reasonable belief therein.

6.      B&S denies the allegations in ¶ 6 for lack of sufficient information to justify a reasonable belief therein.

7.      B&S denies the allegations in ¶ 7 for lack of sufficient information to justify a reasonable belief therein.

8.       B&S denies the allegations in ¶ 8 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

9.      B&S denies the allegations in ¶ 9 for lack of sufficient information to justify a reasonable belief therein.

10.     B&S denies the allegations in ¶ 10 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

11.     B&S admits that it engages in the collection of debt.  B&S further admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its debt collection

activities may be regulated by certain provisions of the FDCPA.  Except as specifically admitted, B&S denies the allegations in ¶ 11

## FACTS

12.     B&S denies the allegations in ¶ 12 for lack of sufficient information to justify a reasonable belief therein.

13.     B&S denies the allegations in ¶ 13 for lack of sufficient information to justify a reasonable belief therein.

14.     B&S denies the allegations in ¶ 14 for lack of sufficient information to justify a reasonable belief therein.

15.     B&S denies the allegations in ¶ 15 for lack of sufficient information to justify a reasonable belief therein.

16.     B&S denies the allegations in ¶ 16 for lack of sufficient information to justify a reasonable belief therein.

17.     B&S denies the allegations in ¶ 17 for lack of sufficient information to justify a reasonable belief therein.

18.     B&S denies the allegations in ¶ 18 for lack of sufficient information to justify a reasonable belief therein.

19.     B&S denies the allegations in ¶ 19 for lack of sufficient information to justify a reasonable belief therein.

20.     B&S denies the allegations in ¶ 20 for lack of sufficient information to justify a reasonable belief therein.

21.     B&S admits the allegations in ¶ 21 for lack of sufficient information to justify a reasonable belief therein.

22.     B&S denies the allegations in ¶ 22 for lack of sufficient information to justify a reasonable belief therein.

23.     B&S denies the allegations in ¶ 23 for lack of sufficient information to justify a reasonable belief therein.

24.     B&S denies the allegations in ¶ 24 for lack of sufficient information to justify a reasonable belief therein.

25.     B&S denies the allegations in ¶ 25 for lack of sufficient information to justify a reasonable belief therein.

26.     B&S denies the allegations in ¶ 26 for lack of sufficient information to justify a reasonable belief therein.

27.     B&S denies the allegations in ¶ 27 for lack of sufficient information to justify a reasonable belief therein.

28.     B&S denies the allegations in ¶ 28 for lack of sufficient information to justify a reasonable belief therein.

29.     B&S denies the allegations in ¶ 29 for lack of sufficient information to justify a reasonable belief therein.

30.     B&S denies the allegations in ¶ 30 for lack of sufficient information to justify a reasonable belief therein.

31.     B&S denies the allegations in ¶ 31.

## **COUNT ONE**

32.     B&S reasserts the foregoing as if fully incorporated herein.

33.     B&S denies the allegations in ¶ 33 for lack of sufficient information to justify a reasonable belief therein.

34.     B&S denies the allegations in ¶ 34 for lack of sufficient information to justify a reasonable belief therein.

35.     B&S denies the allegations in ¶ 35 for lack of sufficient information to justify a reasonable belief therein.

36.     B&S denies the allegations in ¶ 36 for lack of sufficient information to justify a reasonable belief therein.

## COUNT TWO

37.     B&S reasserts the foregoing as if fully incorporated herein.

38.     B&S denies the allegations in ¶ 38 for lack of sufficient information to justify a reasonable belief therein.

39.     B&S denies the allegations in ¶ 39 for lack of sufficient information to justify a reasonable belief therein.

40.     B&S denies the allegations in ¶ 40 for lack of sufficient information to justify a reasonable belief therein.

41.     B&S denies the allegations in ¶ 41 for lack of sufficient information to justify a reasonable belief therein.

## COUNT THREE

42.     B&S reasserts the foregoing as if fully incorporated herein.

43.     B&S denies the allegations in ¶ 43 for lack of sufficient information to justify a reasonable belief therein.

44.     B&S denies the allegations in ¶ 44 for lack of sufficient information to justify a reasonable belief therein.

45.     B&S denies the allegations in ¶ 45 for lack of sufficient information to justify a reasonable belief therein.

46.     B&S denies the allegations in ¶ 46 for lack of sufficient information to justify a reasonable belief therein.

## COUNT FOUR

47.     B&S reasserts the foregoing as if fully incorporated herein.

48.     B&S denies the allegations in ¶ 48 for lack of sufficient information to justify a reasonable belief therein.

49.     B&S denies the allegations in ¶ 49 for lack of sufficient information to justify a reasonable belief therein.

50.     B&S denies the allegations in ¶ 50 for lack of sufficient information to justify a reasonable belief therein.

51.     B&S denies the allegations in ¶ 51 for lack of sufficient information to justify a reasonable belief therein.

## COUNT FIVE

52.     B&S reasserts the foregoing as if fully incorporated herein.

53.     B&S denies the allegations in ¶ 53 for lack of sufficient information to justify a reasonable belief therein.

54.     B&S denies the allegations in ¶ 54 for lack of sufficient information to justify a reasonable belief therein.

55.     B&S denies the allegations in ¶ 55 for lack of sufficient information to justify a reasonable belief therein.

56.     B&S denies the allegations in ¶ 56 for lack of sufficient information to justify a reasonable belief therein.

## COUNT SIX

57.     B&S reasserts the foregoing as if fully incorporated herein.

58.     B&S denies the allegations in ¶ 58 for lack of sufficient information to justify a reasonable belief therein.

59.     B&S denies the allegations in ¶ 59 for lack of sufficient information to justify a reasonable belief therein.

60.     B&S denies the allegations in ¶ 60 for lack of sufficient information to justify a reasonable belief therein.

61.     B&S denies the allegations in ¶ 61 for lack of sufficient information to justify a reasonable belief therein.

## COUNT SEVEN

62.     B&S reasserts the foregoing as if fully incorporated herein.

63.     B&S denies the allegations in ¶ 63 for lack of sufficient information to justify a reasonable belief therein.

64.     B&S denies the allegations in ¶ 64 for lack of sufficient information to justify a reasonable belief therein.

65.     B&S denies the allegations in ¶ 65 for lack of sufficient information to justify a reasonable belief therein.

66.     B&S denies the allegations in ¶ 66 for lack of sufficient information to justify a reasonable belief therein.

## COUNT EIGHT

67.    B&S reasserts the foregoing as if fully incorporated herein.

68.    B&S denies the allegations in ¶ 68 for lack of sufficient information to justify a reasonable belief therein.

69.    B&S denies the allegations in ¶ 69 for lack of sufficient information to justify a reasonable belief therein.

70.    B&S denies the allegations in ¶ 70 for lack of sufficient information to justify a reasonable belief therein.

71.    B&S denies the allegations in ¶ 71 for lack of sufficient information to justify a reasonable belief therein.

## COUNT NINE

72.    B&S reasserts the foregoing as if fully incorporated herein.

73.    B&S denies the allegations in ¶ 73.

74.    B&S denies the allegations in ¶ 74.

75.    B&S denies the allegations in ¶ 75.

## PRAYER FOR RELIEF

76.    B&S denies that plaintiff is entitled to the relief sought.

AND NOW, in further Answer to the Complaint, Defendant avers as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of B&S, or for whom B&S is not responsible or liable.

## FOURTH AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

WHEREFORE, Defendant, Brock & Scott, PLLC., respectfully requests that this Answer be deemed good and sufficient, Plaintiff's lawsuit be dismissed, with prejudice, at Plaintiff's cost, pursuant to federal and state law, Plaintiff be ordered to pay reasonable attorney's fees and costs for B&S, and for all other general and equitable relief

BROCK & SCOTT, PLLC

By: _____"/s/"_____
William D. Bayliss

William D. Bayliss, Esquire (VSB No. 13741)
bbayliss@williamsmullen.com
Williams, Mullen, Clark & Dobbins, P.C.
200 South 10th Street, 16th floor
Richmond, VA 23219
Telephone: (804) 420-6000
Facsimile:   (804) 420-6507

*Of Counsel*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 24th day of February, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**David Neal Anthony**
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219          representing          **Experian Information**
804-697-5410                                      **Solutions, Inc.**
804-698-5118 (fax)                                *(Defendant)*
david.anthony@troutmansanders.com
 *Assigned: 01/30/2012*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**Leonard Anthony Bennett**
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
757-930-3660               representing          **David C. Smith**
757-930-3662 (fax)                               *(Plaintiff)*
lenbennett@cox.net
 *Assigned: 01/03/2012*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

**Catherine Paige Bobick**
McGuire Woods LLP
310 4th St NE Suite 300
PO Box 1288
Charlottesville, VA 22902
434-977-2500
434-980-2222 (fax)
pbobick@mcguirewoods.com
 *Assigned: 02/15/2012*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**BAC Loan Servicing, L.P.**
*(Defendant)*


**Bank of America, N.A.**
*(Defendant)*


**Paul D. Jenkins**
McGuireWoods LLP (Charlottesville)
310 4th St NE
PO Box 1288
Charlottesville, VA 22902-1288
434-977-2500
434-980-2222 (fax)
pjenkins@mcguirewoods.com
 *Assigned: 01/30/2012*
 *LEAD ATTORNEY*
 *ATTORNEY TO BE NOTICED*

representing

**BAC Loan Servicing, L.P.**
*(Defendant)*


**Bank of America, N.A.**
*(Defendant)*


**Susan Mary Rotkis**
Consumer Litigation Associates
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601
757-930-3660
(757) 930-3662 (fax)
srotkis@clalegal.com
 *Assigned: 01/03/2012*
 *ATTORNEY TO BE NOTICED*

representing

**David C. Smith**
*(Plaintiff)*

**Michael Robert Ward**
Morris & Morris PC
11 South 12th Street
5th Floor
PO Box 30
Richmond, VA 23218
(804) 344-8300
804-344-8359 (fax)
mward@morrismorris.com
 *Assigned: 01/30/2012*
 *ATTORNEY TO BE NOTICED*

representing **Trans Union, LLC.**
*(Defendant)*

_____
”/s/”
William D. Bayliss

William D. Bayliss, Esquire (VSB No. 13741)
bbayliss@williamsmullen.com
Williams, Mullen, Clark & Dobbins, P.C.
200 South 10th Street, 16th floor
Richmond, VA 23219
Telephone: (804) 420-6000
Facsimile:   (804) 420-6507
*Of Counsel*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

17319010_1.DOC